OFFICE OF
PROTHONOTARY

Stephen E. Farina
Prothonotary



Front & Market Streets
Harrisburg, PA 17101

(717) 780-6520

County of Dauphin

February 10, 2015

MARY E. D'ANDREA
Clerk of Middle District Court
Room 1060
228 Walnut St
Harrisburg Pa 17101

**FILED**
HARRISBURG, PA

FEB 11 2015

Re Deseree Beverly Vs. National Recovery Agency, Inc.,
and XYZ Corporation
NO. 2014 CV 10612 CV
Middle District NO. 1:15-CV-253

    Pursuant to the Petition for Removal of Civil Action Filed in this office on February 9, 2015 to the United States District Court for the Middle District of Pennsylvania.

    I am, accordingly, sending you all the original papers Herewith.
    I will appreciate the return of the attached receipt Addressed to the attention of Ms. Lisandra Garcia.

Very truly yours,

*Stephen E Farina*
Prothonotary



FINEMAN KREKSTEIN & HARRIS, P.C.
By:   RICHARD J. PERR, ESQUIRE
PA Attorney I.D. Nos. 72883
BNY Mellon Center
1735 Market Street, Suite 600
Philadelphia, PA  19103-7513
(v) 215-893-9300; (f) 215-893-8719          Attorneys for Defendant
Email: rperr@finemanlawfirm.com              National Recovery Agency, Inc.

| | |
|---|---|
| DESEREE BEVERLY,<br>    Plaintiff | COURT OF COMMON PLEAS<br>DAUPHIN COUNTY, PA |
| v. | CIVIL ACTION – LAW |
| NATIONAL RECOVERY AGENCY, INC.,<br>and XYZ CORPORATIONS,<br>    Defendants | 2014-CV-10612<br><br>JURY TRIAL DEMANDED |

## PRAECIPE TO FILE NOTICE OF REMOVAL

You are directed to take notice that the above action has been removed to the United States District Court for the Middle District of Pennsylvania at Civil Action No. 1:15-cv-00253-JEJ, pursuant to the attached Notice of Removal filed with the Clerk of the United States District Court for the Middle District of Pennsylvania on February 4, 2015.  A copy of the Notice of Removal is attached hereto as Exhibit 1.

FINEMAN KREKSTEIN & HARRIS, P.C.

By: _____
RICHARD J. PERR, ESQUIRE
PA Attorney I.D. No. 72883
BNY Mellon Center
1735 Market Street, Suite 600
Philadelphia, PA  19103-7513
(v) 215-893-9300; (f) 215-893-8719
e-mail: rperr@finemanlawfirm.com
Attorneys for Defendant National Recovery Agency, Inc.

Dated: _____February 5, 2015_____

{00916607;v1}

# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet

Dauphin _____ County



**For Prothonotary Use Only:**

Docket No: 2014 CV 10612 CV

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- ☐ Complaint
- ☒ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

| Lead Plaintiff's Name: Deseree Beverly | Lead Defendant's Name: National Recovery Agency, Inc. |
|---|---|
| Are money damages requested? ☒ Yes ☐ No | Dollar Amount Requested: (check one) ☒ within arbitration limits ☐ outside arbitration limits |
| Is this a *Class Action Suit?* ☐ Yes ☐ No | Is this an *MDJ Appeal?* ☐ Yes ☒ No |

Name of Plaintiff/Appellant's Attorney: Vicki Piontek, Esquire

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☒ Other: 15 USC 1692 et. seq.

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other

- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

*Updated 1/1/2011*

IN THE COURT OF COMMON PLEAS
OF DAUPHIN COUNTY, PENNSYLVANIA
Civil Action - Law

Deseree Beverly :
808 East Philellena Street :
Philadelphia, PA 19119 :
                Plaintiff :
                                                    2014 CV 10612 CV
v. :
National Recovery Agency, Inc. :
2491 Paxton Street : Jury Trial Demanded
Harrisburg, PA 17111 :
and :
XYZ Corporations :
                Defendants :

## PRECIPE TO ISSUE WRIT OF SUMMONS

To: The Prothonotary:

Kindly issue a Writ of Summons against the above captioned Defendants. Thank you.

_____    11/29/14
Vicki Piontek, Esquire             Date
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA 19446
877-737-8617
palaw@justice.com
Fax: 866-408-6735

IFP

2014 DEC -3 PM 9:27

IN THE COURT OF COMMON PLEAS
OF DAUPHIN COUNTY, PENNSYLVANIA
Civil Action - Law

Deseree Beverly
808 East Philellena Street
Philadelphia, PA 19119
                                    : 
                         Plaintiff  : 2014 CV 10612 CV
                                    :
v.                                  :
National Recovery Agency, Inc.      :
2491 Paxton Street                  : Jury Trial Demanded
Harrisburg, PA 17111                :
and                                 :
XYZ Corporations                    :
                         Defendants :

## WRIT OF SUMMONS

**TO:** National Recovery Agency
2491 Paxton Street
Harrisburg, PA 17111
and
X,Y,Z Corporations

You are notified that Deseree Beverly has commenced an action against you.

SEAL OF
THE
COURT

_____  DEC 05 2014
Prothonotary                Date

By _____



IN THE COURT OF COMMON PLEAS
OF DAUPHIN COUNTY, PENNSYLVANIA
Civil Action - Law

Deseree Beverly :
808 East Philellena Street :
Philadelphia, PA 19119 :
                         Plaintiff :    2014 CV 10612 CV
v. :
National Recovery Agency, Inc. :
2491 Paxton Street :    Jury Trial Demanded
Harrisburg, PA 17111 :
and :
XYZ Corporations :
                         Defendants :

**PRAECIPE TO PROCEED IN FORMA PAUPERIS PURSUANT TO PA RULE OF CIVIL PROCEDURE 240**

To the Prothonotary:

I, Vicki Piontek, attorney for the party proceeding in forma pauperis, certify that I believe the Plaintiff is unable to pay the costs and that I am providing legal service to the Plaintiffs at no up front charge to the Plaintiff. Pursuant to the fee shifting provisions of 15 USC 1692 et. seq., 15 USC 1692 et. seq., the Defendant(s) is responsible for the attorney fees.

_____   11/29/14
Vicki Piontek,   Esquire     Date
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA 19446
877-737-8617
palaw@justice.com
Fax: 866-408-6735

**ORDER**

AND NOW, this ___5th___ day of __December__ 20_14_, upon consideration of Plaintiff's

PRAECIPE TO PROCEED IN FORMA PAUPERIS PURSUANT TO PA RULE OF CIVIL

PROCEDURE 240, the same shall be GRANTED. The filing fee shall be deferred and the fee for the

Sheriff service of process shall be deferred.

_____
Prothonotary

IMAGED

IN THE COURT OF COMMON PLEAS
OF DAUPHIN COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| Deseree Beverly<br>808 East Philellena Street<br>Philadelphia, PA 19119 | : <br> : <br> : | Civil Action - Law |
| Plaintiff | : | |
| v. | : | 2014 CV 10612 |
| National Recovery Agency, Inc.<br>2491 Paxton Street<br>Harrisburg, PA 17111<br>and<br>XYZ Corporations | : <br> : <br> : <br> : <br> : | Jury Trial Demanded |
| Defendants | : | |

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice to you for any money claimed in the Complaint or for any other claim or relief requested by Plaintiff(s). You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

MID-PENN LEGAL SERVICES
213-A N. Front St., Harrisburg, PA 17101-2240
(800) 326-9177

100 South Street, Harrisburg, PA 17101 •
P.O. Box 186, Harrisburg, Pennsylvania 17018
717-238-6715        800.932.0311

IN THE COURT OF COMMON PLEAS
OF DAUPHIN COUNTY, PENNSYLVANIA
Civil Action - Law

Deseree Beverly  
808 East Philellena Street  
Philadelphia, PA 19119  
     Plaintiff  :  2014 CV 10612

v.  
National Recovery Agency, Inc.  
2491 Paxton Street      :  Jury Trial Demanded  
Harrisburg, PA 17111  
and  
XYZ Corporations  
     Defendants

## COMPLAINT

1. This is an action brought by a consumer for alleged violations of the Fair Debt Collection Practices Act (FDCPA) 15 USC 1691 et. seq.

2. Plaintiff is Deseree Beverly, an adult individual whose principle residence is located at 808 East Philellena Street, Philadelphia, PA 19119.

3. Defendants are the following.

   a. National Recovery Agency, Inc., a business entity with a principal place of business located at 2491 Paxton Street, Harrisburg, PA 17111.

b. X,Y,Z Corporations, business identities whose identities are not known to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such entities played a substantial role in the commission of the acts described in this complaint.

4. Defendant(s) regularly transact(s) business throughout the Commonwealth of Pennsylvania, and in this jurisdiction.

5. Defendant obtains the benefit(s) of regularly transacting business in this jurisdiction.

6. Defendant's principle place of business is in this jurisdiction.

7. A substantial portion of the conduct complained of occurred in this jurisdiction.

## COUNT ONE: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 USC 1692 ET. SEQ.

8. The previous paragraphs of this complaint are incorporated by reference and made a part of this action.

9. At all relevant times in this Complaint, Plaintiff is a consumer debtor as defined by the Fair Debt Collections Practices Act (FDCPA), 15 USC 1692 et. Seq.

10. At all relevant times in this Complaint, Defendant(s) was / were acting as a debt collector(s) as defined by the FDCPA, 15 USC 1692 et. seq.

11. At all times mentioned herein, Defendant(s) was / were attempting to collect on an alleged consumer debt against Plaintiff.

12. The alleged consumer debt that Defendant(s) was attempting to collect from Plaintiff was for personal medical services rendered to Plaintiff. However, the balance for such medical services was in dispute at all times mentioned in this Complaint.

13. In September 2014, Plaintiff and Defendant engaged in a telephone conversation where Plaintiff returned Defendant's telephone call.

14. During such conversation, Plaintiff spoke with an employee, agent or representative of Defendant.

15. During such conversation, said employee, agent or representative also indicated that the account would remain on Plaintiff's consumer report for a period of 7 – 10 years.

16. According to 15 USC 1681c(c) of the Fair Credit Reporting Act, a derogatory account may legally remain on a consumer's report for a period of no longer than 7.5 years from the date of the delinquency.

17. Defendant's agent representative or employee threatened to keep the account on Plaintiff's consumer report for 7-10 years which was a longer period than that which was legally permitted.

18. Defendant made certain statements to Plaintiff to indicate that Defendant intended to re-age the account so that it could remain on Plaintiff's consumer report for a period of time longer that than which is legally permitted by the Fair Credit Reporting Act, 15 USC 1681 et. seq.

19. By threatening to re-age the account, and to keep it on Plaintiff's consumer report for a period longer than that which was legally permitted, Defendant engaged in unconscionable and unlawful collection activity in violation of 15 USC 1692f of the FDCPA.

20. By threatening to keep the account on Plaintiff's consumer report for a period longer than that which was legally permitted, Defendant engaged in harassment and abuse of Plaintiff in violation of 15 USC 1692d of the FDCPA.

21. Defendant's above referenced statements were designed to harass Plaintiff and to extort money from Plaintiff.

## LIABILITY

22. The previous paragraphs of this complaint are incorporated by reference and made a part hereof.

23. At all times various employees and / or agents of Defendant were acting as agents of Defendant, and therefore Defendant is liable to for the acts committed by its agents and / or employees under the doctrine of respondeat superior.

24. At all times various employees and / or agents of Defendant were acting as agents of Defendant, and therefore Defendant is liable to Plaintiff for the acts committed by its agents and / or employees under the theory of joint and several liability because Defendant and its agents were engaged in a common business venture and were acting jointly and in concert.

25. Plaintiff believes and avers that there may be adequate grounds to pierce the corporate veil.

## DAMAGES

26. The preceding paragraphs are incorporated by reference and made a part hereof.

27. Plaintiff's actual damages are $1.00 more or less, including but not limited to postage, phone calls, fax, gas, mileage, etc.

28. Plaintiff believes and avers that Plaintiff is entitled to $1,000.00 statutory damages under 15 USC 1692 et. seq., or other amount permitted by this Honorable Court.

# ATTORNEY FEES

29. The preceding paragraphs are incorporated by reference and made a part hereof.

30. Plaintiff believes and avers that Plaintiff is entitled to reasonable attorney fees of $1,750.00 at a rate of $350.00 per hour, described below.

    a. Review of recordings                                             1

    b. Consultation with client and review of file
       Assisting Plaintiff to obtain Plaintiff's consumer
       reports                                                          1

    c. Drafting, editing, review, filing and service
       of Complaint and related documents.                              1

    d. Follow up with Defense and client                                2

                                                            _____
                                                            5 hours
    Total = 5 hours x $350 = $1,750.00

31. Plaintiff's attorney fees continue to accrue as the case moves forward.

## OTHER RELIEF

32. The preceding paragraphs are incorporated by reference.

33. Plaintiff requests such other relief as this court may deem just and proper.

34. Plaintiff requests and demands a jury trial in this matter.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of $2,751.00 enumerated as follows.

$1.00 actual damages

$1,000.00 statutory damages for FDCPA violation

$1,750.00 attorney fees

------

$2,751

Plaintiff demands fees and costs for prosecuting this action. Plaintiff seeks such other relief as this Court deems fair and just.

_____  12/26/14
Vicki Piontek, Esquire            Date
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA 19446
877-737-8617
Fax: 866-408-6735
palaw@justice.com

IN THE COURT OF COMMON PLEAS
OF DAUPHIN COUNTY, PENNSYLVANIA
Civil Action - Law

| | |
|---|---|
| Deseree Beverly<br>808 East Philellena Street<br>Philadelphia, PA  19119<br>                 Plaintiff<br>v.<br>National Recovery Agency, Inc.<br>2491 Paxton Street<br>Harrisburg, PA 17111<br>and<br>XYZ Corporations<br>                Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: Jury Trial Demanded<br>:<br>:<br>:<br>: |

## VERIFICATION

I, Deseree Beverly, have read the attached Complaint. The facts stted therein are true and correct to the best of my knowledge, understanding and belief.

_____   12/15/14
Deseree Beverly                           Date

# Office of the Sheriff



Shelley Ruhl
Real Estate Deputy

Matthew L. Owens
Solicitor

Dauphin County
101 Market Street
Harrisburg, Pennsylvania 17101-2079
ph: (717) 780-6590 fax: (717) 255-2889

Jack Lotwick
Sheriff

Jack Duignan
Chief Deputy

Michael W. Rinehart
Assistant Chief Deputy

IMAGED

**Commonwealth of Pennsylvania** : DESEREE BEVERLY
VS
**County of Dauphin** : NATIONAL RECOVERY AGENCY, INC.

Sheriff's Return
No. 2014-CV-10612-CV

And now: DECEMBER 18, 2014 at 10:55:00 AM served the within WRIT OF SUMMONS upon NATIONAL RECOVERY AGENCY, INC. by personally handing to ROBIN KIRKPATRICK 1 true attested copy of the original WRIT OF SUMMONS and making known to him/her the contents thereof at 2491 PAXTON STREET HARRISBURG PA 17111

SECRETARY WHO ACCEPTED AS ADULT PERSON IN CHARGE FOR DEFENDANT AT TIME OF SERVICE.

So Answers,

*[signature]*

Sheriff of Dauphin County, Pa.

Deputy: JOSHUA FRUHWIRTH
Plaintiff: DESEREE BEVERLY
Sheriff's Costs: $ PAID BY COUNTY
Out Of County Cost: